**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **CASA COLINA HOSPITAL AND CENTERS FOR HEALTHCARE, DBA Casa Colina Hospital for Rehabilitative Medicine,**<br><br>Plaintiff-Appellant,<br><br>v.<br><br>**DON WRIGHT, Acting Secretary of the United States Department of Health and Human Services,**<br><br>Defendant-Appellee. | No.   15-56725<br><br>D.C. No.<br>2:15-cv-03990-DSF-AS<br><br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 8, 2017
Pasadena, California

Before:    **KOZINSKI** and **OWENS**, Circuit Judges, and **SETTLE**,<sup>**</sup> District
Judge.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.

**1.** Mandamus jurisdiction under 28 U.S.C. § 1361 "exists when [1] a plaintiff has a clear right to relief, [2] a defendant has a clear duty to act and [3] no other adequate remedy is available." Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir. 1982). "The extraordinary remedy of mandamus lies within the discretion of the trial court, even if the three elements are satisfied." Or. Nat. Res. Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir. 1995); see also Indep. Mining Co. v. Babbitt, 105 F.3d 502, 505 (9th Cir. 1997). The district court appropriately concluded that granting relief would merely allow Casa Colina "to jump the queue of other identically situated parties" and would therefore achieve an arbitrary result and "encourage a barrage of mandamus actions by others." Casa Colina has failed to show abuse of discretion.

**2.** "Judicial review of claims arising under the Medicare Act is available only after the Secretary renders a 'final decision.'" Heckler v. Ringer, 466 U.S. 602, 605 (1984). Although this dispute "hinges on the alleged right to timely appeals hearings on Medicare payments," Casa Colina did not press its claims "through all designated levels of administrative review," Ringer, 466 U.S. at 606; see also 42 C.F.R. §§ 405.1130, 405.1132. Nor is judicial waiver of exhaustion requirements appropriate. See Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir.

2003). Casa Colina lacks an irreparable injury because a future award of damages plus interest will make it whole. See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991); 42 U.S.C. § 1395ddd(f)(2)(B). The district court didn't err by dismissing Casa Colina's Medicare Act, Administrative Procedure Act and Due Process claims.

**AFFIRMED**.